MICHAEL G. YODER (CA BAR # 83059)
MOLLY J. MAGNUSON (CA BAR # 229444)
JEAN-PAUL P. CART (CA BAR # 267516)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17TH Floor
Newport Beach, CA 92660-6429
Telephone: 949.760.9600
Facsimile: 949.823.6994
Email:      myoder@omm.com
Email:      mmagnuson@omm.com
Email:      jcart@omm.com

Attorneys for Plaintiffs QS WHOLESALE, INC.
and QUIKSILVER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| QS WHOLESALE, INC., a California corporation; QUIKSILVER, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ROX VOLLEYBALL, INC., a Florida corporation; 1ST PLACE TEAM SALES, INC., a Florida corporation,<br><br>Defendants. | Case No. **SACV 13 - 00512 AG (JPRx)**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; TRADEMARK DILUTION; AND STATUTORY AND COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs QS WHOLESALE, INC. ("QSW") and QUIKSILVER, INC. ("QSI") (collectively, "QUIKSILVER" or "Plaintiffs"), for their claims for relief against Defendants ROX VOLLEYBALL, INC. ("ROX VOLLEYBALL") and 1ST PLACE TEAM SALES, INC. ("1ST PLACE") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.     This action arises out of Defendants' sale and marketing of "Rox" and "Rox Volleyball" labeled products, which infringe and dilute QUIKSILVER's

COMPLAINT

1    federally-registered and famous ROXY® trademarks.  By the sale and marketing of

2    "Rox" and "Rox Volleyball" labeled products, Defendants have committed

3    trademark infringement, false designation of origin, trademark dilution and

4    statutory and common law unfair competition.

5        2.     Upon learning of Defendants' use of "Rox" in connection with the sale

6    and marketing of certain apparel products, namely, volleyball uniforms and practice

7    shorts, QUIKSILVER notified Defendants of QUIKSILVER's trademark rights and

8    requested that Defendants cease all use of "Rox" in a manner likely to cause

9    confusion with QUIKSILVER's ROXY® trademarks.  In response, Defendants

10    assured QUIKSILVER that they had no intention to use "Rox" without "volleyball"

11    or their so-called "VROX" logo.  Defendants further assured QUIKSILVER that

12    "we will be mindful of Quiksilver's rights and the concerns you have expressed."

13        3.     Notwithstanding Defendants' assurances that they would not use

14    "Rox" without "volleyball" or the "VROX" logo, Defendants have proceeded to

15    use "Rox"—as a standalone and without the word "volleyball"—on products and in

16    promotional materials and advertising, and to use "Rox Volleyball" on products and

17    in promotional materials and advertising in a manner likely to cause confusion with

18    QUIKSILVER's ROXY® trademarks.

19        4.     Moreover, despite the fact that QUIKSILVER's ROXY® brand offers,

20    *inter alia*, one of the most recognizable womens and juniors swimwear, beachwear

21    and casualwear lines in the United States, Defendants recently began marketing and

22    selling a line of swimwear, beachwear and casualwear for women and juniors with

23    "Rox" and/or "Rox Volleyball" labels, greatly increasing the likelihood of

24    confusion with QUIKSILVER's ROXY® trademarks.

25        5.     By this action, QUIKSILVER seeks provisional and permanent

26    injunctive relief enjoining Defendants from any further sale or marketing of "Rox"

27    labeled and/or branded products, as well as products labeled and/or branded "Rox

28    Volleyball" in a manner likely to cause confusion with QUIKSILVER's ROXY®

           COMPLAINT

1   trademarks, and further seeks damages, including treble damages, resulting from

2   Defendants' wrongful actions.

3   ## JURISDICTION AND VENUE

4      6.      This Complaint arises under sections 32 and 43(a) of the Lanham Act

5   (15 U.S.C. §§ 1114 and 1125(a)), as amended, and the statutory and common laws

6   of the State of California.

7      7.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28

8   U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a). Jurisdiction

9   is further founded upon 28 U.S.C. § 1332, the parties being citizens of different

10  states, and the amount in controversy being in excess of $75,000, excluding interest

11  and costs.

12     8.      Venue is proper in this Judicial District pursuant to 28 U.S.C.

13  § 1391(b) because Defendants conduct business in this district through their

14  respective e-commerce stores; Defendants' products are promoted in this district by

15  sponsored athletes and through Defendants' respective websites, Facebook, Twitter

16  and Instagram pages; and a substantial part of the events giving rise to this litigation

17  occurred in this district.

18  ## PARTIES

19     9.      QSW is a California corporation with its principal place of business at

20  15202 Graham Street, Huntington Beach, California 92649. QSW is a wholly

21  owned subsidiary of QSI, and is the owner of numerous United States Trademark

22  Registrations for the mark ROXY® for use in connection with clothing, swimwear,

23  hats and headwear, scarves, gloves, footwear, watches, jewelry, personal

24  accessories, paper goods and printed matter, backpacks, purses, luggage, retail

25  stores services, entertainment and event sponsorship services, e-commerce and an

26  array of other goods and services (collectively, along with QUIKSILVER's

27  common law trademark rights for "ROXY," the "ROXY® Marks"). True and

28

- 3 -

COMPLAINT

correct copies of QSW's federal registrations for ROXY® are attached as Exhibit A hereto.

10.     Plaintiff QSI is a Delaware corporation with its principal place of business at 15202 Graham Street, Huntington Beach, California 92649.  QSI is the parent company of QSW, its wholly owned subsidiary, and is responsible for the design, manufacture, promotion and sale of all ROXY® branded products.

11.     Plaintiffs are informed and believe, and thereupon allege, that Defendant ROX VOLLEYBALL is a Florida corporation with its principal place of business at 231 Commercial Drive, St. Augustine, Florida 32092.

12.     Plaintiffs are informed and believe, and thereupon allege, that Defendant 1ST PLACE is a Florida corporation with its principal place of business at 225 Commercial Drive, St. Augustine, Florida 32092.  Plaintiffs are further informed and believe, and thereupon allege, that 1ST PLACE conducts business under the name "1ST PLACE VOLLEYBALL."

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

13.     QUIKSILVER is a leading apparel company that offers a diverse line of products, most notably clothing, swimwear, footwear, beach bags, towels, sunglasses, watches, jewelry, luggage, wetsuits and a variety of other goods and services throughout the United States and the world.  QUIKSILVER's extensive juniors and womens line of products—which includes all of the products listed above—are advertised and sold under the federally-registered mark ROXY®.  Since at least as early as January 1, 1992, and prior to the acts of Defendants, QUIKSILVER has extensively used and advertised its ROXY® mark in the United States and worldwide.  QUIKSILVER's sales of ROXY® products in the United States alone came close to or exceeded $200,000,000 in each of its fiscal years since 2008.

- 4 -

14. Of QUIKSILVER's various ROXY® Marks, at least nine are incontestable pursuant to 15 U.S.C. § 1065, including, without limitation, its registrations for clothing, footwear, luggage, bags, and retail store services.

15. QUIKSILVER markets and advertises its ROXY® branded products in print, online and through other visual media. In its marketing and advertising, QUIKSILVER consistently associates its ROXY® brand with an active lifestyle and sports. QUIKSILVER also uses its ROXY® Marks to sponsor athletic events and athletes and promotes the ROXY® brand to active and athletic women and girls.

16. Prior to the acts of Defendants complained of herein, QUIKSILVER continuously and exclusively marketed, advertised and offered for sale, and sold, a variety of goods in connection with its ROXY® Marks, including, without limitation, shirts, shorts, pants, sweatshirts, hats, jackets, footwear, swimwear, beachwear, athletic equipment, bags, luggage and a litany of other goods.

17. QUIKSILVER's federally-registered ROXY® Marks, by virtue of their substantial use and promotion, have acquired great value as identifiers of QUIKSILVER's goods, and distinguish such goods from those of others.

18. As a result of QUIKSILVER's extensive advertising and sales of products bearing the ROXY Marks®, customers in this district and elsewhere readily recognize, identify and distinguish QUIKSILVER's goods from the goods of others by the ROXY® Marks.

19. QUIKSILVER's ROXY® Marks are extremely valuable symbols of QUIKSILVER, its quality goods and the substantial customer goodwill that QUIKSILVER has earned over many years in the United States market.

20. Plaintiffs are informed and believe, and thereupon allege, that on or about September 28, 2008, Defendant 1ST PLACE filed a trademark registration application with the United States Patent and Trademark Office ("USPTO") for a stylized design of "Rox Volleyball"—depicted below—in Class 25 for "bathing suits, jackets, pants, shorts, socks, t-shirts and tops."

COMPLAINT



A true and correct copy of 1ST PLACE's trademark registration application for "ROX VOLLEYBALL" is attached hereto as Exhibit B.

21.    On or about April 24, 2009, QUIKSILVER notified 1ST PLACE, in writing, that its use of "Rox Volleyball" and the standalone word "Rox" (without volleyball) infringed upon QUIKSILVER's ROXY® Marks.  Among other things, QUIKSILVER advised 1ST PLACE that its use of "Rox Volleyball" on clothing differed significantly from the stylized "Rox Volleyball" logo it had sought to register with the USPTO, and that its use of "Rox Volleyball" and a repeating "Rox" background pattern on its promotional materials created a strong risk of confusion among consumers as to the source of Defendants' products.

22.    By letter dated May 11, 2009, Defendants assured QUIKSILVER that "we have no present intention to use 'rox' on its own without 'volleyball' or [Defendants'] logo . . . [and] we will be mindful of Quiksilver's rights and the concerns you have expressed."

23.    Plaintiffs are informed and believe, and thereupon allege, that the USPTO refused to grant 1ST PLACE a trademark registration for "Rox Volleyball" due to conflicts with various other trademark applications and registrations, and that 1ST PLACE therefore abandoned its application for "Rox Volleyball" on or about June 25, 2009.

24.    Plaintiffs are informed and believe, and thereupon allege, that also on or about June 25, 2009, ROX VOLLEYBALL filed a new trademark registration application with the USPTO for "roxvolleyball" in Class 25 for "volleyball

- 6 -

COMPLAINT

uniforms and volleyball practice wear, namely, jerseys, tank tops, t-shirts, shorts, warmup jackets, warmup pants, sweatshirts, hooded sweatshirts, socks." With its application, ROX VOLLEYBALL also submitted as a specimen to the USPTO a sweatshirt with the word "rox" above the word "volleyball" rather than "roxvolleyball" being displayed as a single word—depicted below.



True and correct copies of ROX VOLLEYBALL's trademark registration application and specimen for "roxvolleyball" are attached hereto as Exhibit C.

     25.    Plaintiffs are informed and believe, and thereupon allege, that the USPTO refused to grant ROX VOLLEYBALL a registration for "roxvolleyball" because "the mark on the specimen [submitted with the application] disagrees with the mark on the drawing. In this case, the specimen displays the mark as ROX VOLLEYBALL; and the drawing shows the mark as ROXVOLLEYBALL."

     26.    Plaintiffs are informed and believe, and thereupon allege, that in order to obtain a registration for "roxvolleyball," ROX VOLLEYBALL was required to submit to the USPTO a new specimen—depicted below—showing use of the proposed mark as a single word—"roxvolleyball"—rather than as two words separated by a space—"Rox Volleyball."



OMM_US:71452203.2

27.    Plaintiffs are informed and believe, and thereupon allege, that the USPTO ultimately issued a registration to ROX VOLLEYBALL for "roxvolleyball."

28.    Despite the assurances given by Defendants in their May 11, 2009 letter, Plaintiffs are informed and believe, and thereupon allege, that Defendants changed course and currently manufacture and sell clothing bearing the "Rox" label, and advertise and promote their "Rox" brand.

29.    Plaintiffs are informed and believe, and thereupon allege, that since May 11, 2009, Defendants' use of "Rox" has expanded into new geographical regions and product categories such as swimwear, beachwear and casualwear with which QUIKSILVER's ROXY® Marks are closely associated, along with additional product categories not limited to team volleyball apparel and equipment. Additionally, Defendants have expanded their marketing and promotional channels, which have grown to include a comprehensive social media and internet strategy consisting of various webpages and blogs, Facebook, Twitter and Instagram. Defendants currently utilize various professional athletes and amateur "Rox Stars" to promote "Rox" and "Rox Volleyball" products at sporting and industry events across the country, including several prominent events within this district.

30.    Plaintiffs are informed and believe, and thereupon allege, that as a result of Defendants' actions alleged herein, actual confusion between Plaintiffs' ROXY Marks and Defendants' use of "Rox" has already occurred.

31.    Plaintiffs are informed and believe, and thereupon allege, that without permission or authority from Plaintiffs, Defendants have infringed Plaintiffs' registered ROXY® Marks in interstate commerce by various acts including, but not limited to, manufacturing, advertising and selling products bearing the word "Rox" and/or the phrase "Rox Volleyball" in a manner likely to cause confusion with Plaintiffs' ROXY® Marks.

32.     Plaintiffs are informed and believe, and thereupon allege, that Defendants' actions in the unauthorized use of "Rox"—both as a standalone and as part of the phrase "Rox Volleyball"—are intended to trade upon the goodwill and substantial recognition associated with Plaintiffs' ROXY® Marks and are designed to cause confusion and mistake among consumers as to the source of Defendants' products.

33.     By virtue of these acts, Defendants have created a likelihood of injury to Plaintiffs' business, caused a strong likelihood of customer confusion as to the source of the Defendants' "Rox" and/or "Rox Volleyball" products, and have otherwise competed unfairly with Plaintiffs.

34.     Plaintiffs are informed and believe, and thereupon allege, that Defendants' aforementioned acts are willful and deliberate and committed with knowledge that Defendants' acts create a likelihood of confusion with regard to Plaintiffs' ROXY® Marks.

35.     Defendants' acts complained of herein have caused damage to Plaintiffs in an amount to be determined at trial and have caused irreparable injury to the public recognition and goodwill associated with Plaintiffs' ROXY® Marks. Said acts will result in further damage and irreparable injury if Defendants are not restrained by this Court from further violation of Plaintiffs' rights, for which Plaintiffs have no remedy at law.

## FIRST CAUSE OF ACTION FOR
## FEDERAL TRADEMARK INFRINGEMENT

36.     This is a claim for trademark infringement under 15 U.S.C. § 1051, *et. seq.*

37.     This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

- 9 -

COMPLAINT

OMM_US:71452203.2

38.     The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

39.     Plaintiffs are informed and believe, and thereupon allege, that Defendants' use in interstate commerce of "Rox" as a standalone and as part of the phrase "Rox Volleyball" is likely to cause confusion or to cause mistake or to deceive consumers as to the affiliation, connection or association of Defendants' products and QUIKSILVER's ROXY® Marks or products.

40.     By these acts, Defendants have infringed QUIKSILVER's federally-registered ROXY® Marks in violation of 15 U.S.C. § 1051, *et seq.*

41.     Plaintiffs are informed and believe, and thereupon allege, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of QUIKSILVER's ROXY® Marks, and with the intent to cause confusion, to cause mistake or to deceive.

42.     Defendants' aforesaid acts of infringement have injured and violated the rights of Plaintiffs in an amount to be determined at trial.  Further, by these acts, Defendants have irreparably injured Plaintiffs, and such injury will continue unless enjoined by this Court.

43.     Plaintiffs are therefore entitled to all of the remedies available under the Lanham Act, including actual damages, an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION FOR
## FEDERAL FALSE DESIGNATION OF ORIGIN

44.     This is a claim for a false designation of origin under 15 U.S.C. § 1125(a).

45.     Jurisdiction is founded upon 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

COMPLAINT

OMM_US:71452203.2

46.     The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

47.     In violation of 15 U.S.C. § 1125(a), Defendants have created and will create a false designation of origin by using "Rox" as a standalone and as part of the phrase "Rox Volleyball" without permission of Plaintiffs, which confuses potential customers into believing that Defendants' products are associated with, sponsored or approved by Plaintiffs.

48.     By these acts, Defendants have infringed Plaintiffs' federally-registered ROXY® Marks in violation of 15 U.S.C. § 1125(a).

49.     Plaintiffs are informed and believe, and thereupon allege, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of QUIKSILVER's ROXY® Marks, and with the intent to cause confusion, to cause mistake or to deceive.

50.     Defendants' aforesaid acts of infringement have injured and violated the rights of Plaintiffs in an amount to be determined at trial.  Further, by these acts, Defendants have irreparably injured Plaintiffs, and such injury will continue unless enjoined by this Court.

51.     Plaintiffs are therefore entitled to all of the remedies available under the Lanham Act, including actual damages, an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

## THIRD CAUSE OF ACTION FOR
## FEDERAL TRADEMARK DILUTION

52.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

53.     This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

54.     The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

- 11 -

COMPLAINT

55.    Plaintiffs' ROXY® Marks became famous prior to Defendants' use of "Rox" as a standalone and as part of the phrase "Rox Volleyball." Based on QUIKSILVER's extensive sales, advertising, promotion and marketing, QUIKSILVER's ROXY® Marks have become widely recognized by the general consuming public of the United States as a designation of the source of the goods and services provided by QUIKSILVER.

56.    Defendants' use of "Rox" as a standalone and as part of the phrase "Rox Volleyball" blurs and/or tarnishes, thereby diminishing and/or diluting, the distinctive quality of QUIKSILVER's ROXY® Marks.

57.    Defendants' use of "Rox" as a standalone and as part of the phrase "Rox Volleyball" has eroded and diminished, by blurring, tarnishing or otherwise, the goodwill Plaintiffs have long enjoyed in its ROXY® Marks.

58.    In violation of 15 U.S.C. § 1125(c)(1), Defendants have diluted, and continue to dilute, the distinctive quality of Plaintiffs' federally-registered ROXY® Marks, and have caused irreparable damage to Plaintiffs' business, reputation and goodwill and such injury will continue unless enjoined by this Court.

59.    Plaintiffs are informed and believe, and thereupon allege, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of QUIKSILVER, and with the intent to cause confusion, to cause mistake or to deceive.

60.    Plaintiffs are entitled to all remedies available under the Lanham Act, including injunctive relief, an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION FOR COMMON LAW
## TRADEMARK INFRINGEMENT

61.    This is an action for trademark infringement under the common law.

62.    This Court has jurisdiction under 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(b).

- 12 -

COMPLAINT

63.   The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

64.   Plaintiffs are informed and believe, and thereupon allege, that Defendants' use in interstate commerce of "Rox" as a standalone and as part of the phrase "Rox Volleyball" is likely to cause confusion or to cause mistake or to deceive consumers as to the affiliation, connection or association of Defendants' products and QUIKSILVER's ROXY® Marks or products.

65.   By these acts, Defendants have infringed QUIKSILVER's common law trademark rights in the ROXY® Marks.

66.   Plaintiffs are informed and believe, and thereupon allege, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of QUIKSILVER's ROXY® Marks, and with the intent to cause confusion, to cause mistake or to deceive.

67.   Defendants' aforesaid acts of infringement have injured and violated the rights of Plaintiffs in an amount to be determined at trial.  Further, by these acts, Defendants have irreparably injured Plaintiffs, and such injury will continue unless enjoined by this Court.

68.   Plaintiffs are therefore entitled to all of the remedies available under common law, including actual damages, an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FOR CALIFORNIA TRADEMARK DILUTION

69.   This is an action for trademark dilution under Cal. Bus. & Prof. Code § 14247.

70.   This Court has jurisdiction under 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

71.   The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

- 13 -

COMPLAINT

OMM_US:71452203.2

72.     Defendants' use of "Rox" as a standalone and as part of the phrase "Rox Volleyball" has diluted, by blurring and/or by tarnishing, the distinctive quality of the ROXY® Marks, and such conduct is likely to further diminish and dilute QUIKSILVER's common law trademark rights in the ROXY® Marks in violation of Cal. Bus. & Prof. Code § 14247.

73.     Plaintiffs are informed and believe, and thereupon allege, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of QUIKSILVER, and with the intent to cause confusion, to cause mistake or to deceive.

74.     Defendants' actions have unfairly competed with and damaged Plaintiffs irreparably, and such damage will continue unless Defendants are enjoined by this Court.

75.     Plaintiffs are entitled to all remedies available, including injunctive relief, an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

## SIXTH CAUSE OF ACTION FOR
## STATUTORY UNFAIR COMPETITION

76.     This is an action for unfair competition arising under Cal. Bus. & Prof. Code § 17200, *et. seq.*

77.     This Court has jurisdiction under 28 U.S.C. § 1338(b), 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

78.     The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

79.     By reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of Cal. Bus. & Prof. Code § 17200.

COMPLAINT

OMM_US 71452203.2

80.     By reason of Defendants' actions, Defendants have irreparably injured the consumer recognition and goodwill associated with Plaintiffs' ROXY® Marks, and such injury will continue unless enjoined by this Court.

81.     Plaintiffs are entitled to all remedies available under Cal. Bus. & Prof. Code § 17200 *et seq.*

## SEVENTH CAUSE OF ACTION
## FOR COMMON LAW UNFAIR COMPETITION

82.     This is an action for common law unfair competition arising under the common law of the State of California.

83.     This Court has jurisdiction under 28 U.S.C. § 1338(b), 28 U.S.C. § 1367(a), and 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(b).

84.     The allegations of paragraphs 1-35 above are repeated and realleged as though fully set forth herein.

85.     By reason of the foregoing acts, Defendants have unfairly competed with Plaintiffs in violation of the common law of the State of California.

86.     Defendants' acts of unfair competition have caused damage and irreparable injury to Plaintiffs in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not enjoined by this Court.

87.     Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice.

88.     Accordingly, Plaintiffs are entitled to exemplary damages pursuant to Cal. Civ. Code Section 3294(a) in addition to all other available remedies.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     That Plaintiffs' ROXY® Marks be deemed valid and infringed by Defendants in violation of 15 U.S.C. § 1114, *et. seq.* and the common law.

COMPLAINT

OMM_US:71452203.2

2.      That Defendants' use of "Rox" as a standalone and as part of the phrase "Rox Volleyball" be adjudged a violation of 15 U.S.C. § 1125(a) as a false designation of origin and false description or representation.

3.      That Defendants be adjudged to have diluted the distinctive quality of Plaintiffs' ROXY® Marks in violation of 15 U.S.C. § 1125(c)(1) and Cal. Bus. & Prof. Code § 14247.

4.      That Defendants be adjudged to have unfairly competed with Plaintiffs under Cal. Bus. & Prof. Code § 17200, *et. seq.* and the common law of the State of California.

5.      That Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, and Cal. Bus. & Prof. Code § 14247 and § 17200 *et. seq.* from:

a.      using the word "Rox" as a standalone mark to market, advertise and/or identify Defendants' products;

b.      using "Rox in combination with other words, including without limitation "volleyball," to market, advertise, and/or identify Defendants' products in a manner likely to be mistaken for or confused with Plaintiffs' ROXY® Marks or likely to create the erroneous impression that Defendants' products originate with Plaintiffs, are endorsed by Plaintiffs or are connected in any way with Plaintiffs;

c.      falsely designating the origin of Defendants' products;

d.      causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products;

e.      otherwise infringing Plaintiffs' trademark rights; and

f.      unfairly competing with Plaintiffs in any manner whatsoever.

COMPLAINT

OMM_US:71452203.2

6.      That Defendants be required to deliver up for destruction all literature, advertising, labels, tags, packaging and products and all other materials bearing the infringing or otherwise unlawful marks pursuant to 15 U.S.C. § 1118.

7.      That Defendants be directed to file with this Court and serve on Plaintiffs within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

8.      That Defendants be required to account to Plaintiffs for any and all profits derived by them and all damages sustained by Plaintiffs by reason of Defendants' acts complained of herein.

9.      That Defendants be ordered to pay over to Plaintiffs all damages which Plaintiffs have sustained as a consequence of the acts complained of herein, subject to proof at trial, and that Plaintiffs be awarded Defendants' profits derived by reason of said acts, all as determined by said accounting.

10.      That Defendants' acts complained of herein be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a).  Further, that Plaintiffs recover treble damages pursuant to 15 U.S.C. § 1117(a).

11.      That Plaintiffs recover exemplary damages pursuant to Cal. Civ. Code § 3294.

12.      That Plaintiffs be awarded costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117.

13.      For any other relief that the Court deems just and proper.

- 17 -

COMPLAINT

OMM_US:71152203.2

1 DATED:  March 29, 2013

2 MICHAEL G. YODER
MOLLY J. MAGNUSON

3 JEAN-PAUL P. CART
O'MELVENY & MYERS LLP

4

5 By:

6 Michael G. Yoder
Attorneys for Plaintiffs

7 QS WHOLESALE, INC. and QUIKSILVER, INC.

8

9

10

11 ## DEMAND FOR JURY TRIAL

12 Plaintiffs QS WHOLESALE, INC. and QUIKSILVER, INC. hereby

13 demand trial by jury in this action.

14

15 DATED:  March 29, 2013

16 MICHAEL G. YODER
MOLLY J. MAGNUSON

17 JEAN-PAUL P. CART
O'MELVENY & MYERS LLP

18

19 By:

20 Michael G. Yoder
Attorneys for Plaintiffs

21 QS WHOLESALE, INC. and QUIKSILVER, INC.

22

23

24

25

26

27

28

- 18 -

COMPLAINT

EXHIBIT A

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,225,688

## United States Patent and Trademark Office

Registered Feb. 23, 1999

### TRADEMARK
#### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
1740 MONROVIA AVENUE
COSTA MESA, CA 92627

FOR: WATCHES AND JEWELRY, IN CLASS
14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST   USE   1-1-1996;   IN   COMMERCE
6-1-1997.

SER. NO. 75-408,138, FILED 12-18-1997.

KIMBERLY KREHELY, EXAMINING ATTOR-
NEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,228,883

Registered Mar. 2, 1999

## SERVICE MARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
1740 MONROVIA AVENUE
COSTA MESA, CA 92627

FOR: RETAIL STORE SERVICES FEATUR-
ING CLOTHING AND ACCESSORIES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-15-1996; IN COMMERCE
11-15-1996.

SER. NO. 75-473,320, FILED 4-23-1998.

KIMBERLY KREHELY, EXAMINING ATTOR-
NEY

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

## United States Patent and Trademark Office

Reg. No. 2,255,435

Registered June 22, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC (DELAWARE CORPORA-
TION)
1740 MONROVIA AVENUE
COSTA MESA, CA 92627

FOR: ATHLETIC BAGS, BACKPACKS,
BEACH BAGS, GENERAL PURPOSE BAGS,
TOTE BAGS, TRAVELLING BAGS, FANNY
PACKS, PURSES, LEATHER KEY FOBS, WAL-

LETS, AND UMBRELLAS, IN CLASS 18 (U.S.
CLS. 1, 2, 3, 22 AND 41).
FIRST USE 1-31-1994; IN COMMERCE
1-31-1994.

SER. NO. 75-466,980, FILED 4-13-1998.

KIMBERLY KREHELY, EXAMINING ATTOR-
NEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

United States Patent and Trademark Office

Corrected

Reg. No. 2,297,591

Registered Dec. 7, 1999

OG Date Sep. 1, 2009

## TRADEMARK
## PRINCIPAL REGISTER

### ROXY

QUIKSILVER, INC. (DELAWARE COR-
PORATION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: PAPER GOODS AND PRINTED
MATTER, NAMELY, BOOKS RELATED

TO THE SUBJECT OF SURFING, BOOK
COVERS, CALENDARS, STICKERS, DEC-
ALS, BUMPER STICKERS, PENCILS,
PENS, POSTERS, NOTEBOOKS AND BIN-
DERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23,
29, 37, 38 AND 50).

FIRST USE 7-31-1997; IN COMMERCE
8-31-1997.

SER. NO. 75-466,979, FILED 4-13-1998.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Sep. 1, 2009.*

**Int. Cl.: 24**

**Prior U.S. Cls.: 42 and 50**

**United States Patent and Trademark Office**

Reg. No. 2,375,481

Registered Aug. 8, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORATION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: BED SHEETS, BED LINENS, BED SPREADS, DUVET COVERS, PILLOW SHAMS, PILLOW CASES, COMFORTERS AND TOWELS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 6–30–1999; IN COMMERCE 6–30–1999.

OWNER OF U.S. REG. NOS. 2,225,688, 2,255,435 AND OTHERS.

SER. NO. 75–829,696, FILED 10–22–1999.

MICHAEL MOORE, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,423,095

Registered Jan. 23, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

### ROXY.COM

ROXY.COM, INC. (DELAWARE CORPORATION)
117 SOUTH STREET
HOPKINTON, MA 017482206

FOR: ELECTRONIC RETAIL SERVICES VIA A GLOBAL INFORMATION NETWORK IN THE FIELD OF DIGITAL SATELLITE SYSTEMS, AUDIO AND VIDEO ELECTRONICS EQUIPMENT AND TELE-

COMMUNICATIONS EQUIPMENT AND SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10–0–1997; IN COMMERCE 10–0–1997.

SER. NO. 75–826,324, FILED 10–19–1999.

RUSS HERMAN, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,427,898

Registered Feb. 13, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORATION)
1740 MONROVIA AVENUE
COSTA MESA, CA 92627

FOR: CLOTHING, FOOTWEAR AND HEADGEAR, NAMELY, SHIRTS, T-SHIRTS, DRESSES, SKIRTS, PAJAMAS, SWIM SUITS, SWEATSHIRTS, SWEAT PANTS, TANK TOPS, SHORTS, PANTS, JACKETS, SWEATERS, SOCKS, BELTS, WETSUITS, SKI WEAR, SNOWBOARD CLOTHING, NAMELY, SNOW PANTS, POWDER PANTS, JACKETS, SNOW BIBS, GLOVES, THERMAL WEAR, SHOES, ATHLETIC SHOES, SANDALS, SLIPPERS, BOOTS, BEACH FOOTWEAR, HATS, CAPS, AND VISORS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1–1–1992; IN COMMERCE 1–1–1992.

SER. NO. 75–612,754, FILED 12–28–1998.

KIMBERLY PERRY, EXAMINING ATTORNEY

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

**United States Patent and Trademark Office**

Corrected

Reg. No. 2,474,406

Registered July 31, 2001

OG Date Feb. 19, 2002

## TRADEMARK
## PRINCIPAL REGISTER

### ROXY

QUIKSILVER, INC. (DELAWARE COR-
PORATION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649
    OWNER OF U.S. REG. NOS. 2,225,688,
2,255,435 AND OTHERS.

    FOR: FURNITURE, NAMELY
CHAIRS, CHAIR CUSHIONS, BEACH
CHAIRS, MIRRORS, TABLES, CHESTS,

BEDS, JEWELRY BOXES NOT OF ME-
TAL, LETTER BOXES NOT OF METAL,
SLEEPING BAGS, PILLOWS, PICTURE
FRAMES, FITTED FURNITURE COVERS,
AND DECORATIVE BEAD CURTAINS,
IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32
AND 50).

    FIRST USE 3-1-2000; IN COMMERCE
3-1-2000.

    SER. NO. 75-838,044, FILED 11-1-1999.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Feb. 19, 2002.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,714,839
Registered May 13, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: ELECTRONIC RETAIL SERVICES VIA A
GLOBAL INFORMATION NETWORK IN THE
FIELD OF DIGITAL SATELLITE SYSTEMS, AUDIO
AND VIDEO ELECTRONICS EQUIPMENT AND

TELECOMMUNICATIONS EQUIPMENT AND SER-
VICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-0-1997; IN COMMERCE 10-0-1997.

SER. NO. 75-826,848, FILED 10-19-1999.

RUSS HERMAN, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,809,462
Registered Jan. 27, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: ENTERTAINMENT AND SPORTING
EVENTS IN THE FIELD OF BOARDRIDING
SPORTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-1995; IN COMMERCE 11-1-1995.

SN 78-162,154, FILED 9-9-2002.

ESTHER A. BORSUK, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 2,851,891

Registered June 8, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: EYEWEAR, NAMELY, SUNGLASSES AND
GOGGLES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 1-4-1995; IN COMMERCE 1-4-1995.

OWNER OF U.S. REG. NOS. 2,225,688, 2,474,406,
AND OTHERS.

SN 78-138,118, FILED 6-24-2002.

SUSAN HAYASH, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,858,806
Registered June 29, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: SNOWBOARDS AND SPECIAL BAGS TO
STORE AND TRANSPORT SPORTING EQUIP-
MENT, NAMELY, BAGS FOR SNOWBOARDS, IN
CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 9-25-2002; IN COMMERCE 9-25-2002.

OWNER OF U.S. REG. NO. 2,083,400.

SN 78-136,536, FILED 6-18-2002.

GINA HAYES, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,919,733
Registered Jan. 18, 2005

## SERVICE MARK
### PRINCIPAL REGISTER

# ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: RETAIL STORE SERVICES FEATURING
CLOTHING, HEADWEAR, FOOTWEAR, BAGS
AND OTHER ACCESSORIES, COSMETICS, EYE-
WEAR, WATCHES AND JEWELRY, TELEPHONES,
VIDEOS, BEDDING AND BEDROOM ACCESSOR-
IES, BOOKS AND OTHER ACCESSORIES RELATED

TO SURFING, IN CLASS 35 (U.S. CLS. 100, 101 AND
102).

FIRST USE 11-15-1996; IN COMMERCE 11-15-1996.

OWNER OF U.S. REG. NOS. 2,400,036 AND
2,423,095.

SN 78-138,129, FILED 6-24-2002.

REBECCA SMITH, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

United States Patent and Trademark Office

Reg. No. 2,988,186
Registered Aug. 23, 2005

TRADEMARK
PRINCIPAL REGISTER

# ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: SKATEBOARDS, SKATEBOARD WHEELS,
SURFBOARDS, SURFBOARD LEASHES AND
SURFBOARD BAGS, IN CLASS 28 (U.S. CLS. 22, 23,
38 AND 50).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 78-336,354, FILED 12-4-2003.

MIDGE BUTLER, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 3,298,684
Registered Sep. 25, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: ENTERTAINMENT SERVICES, NAMELY
PROVIDING MUSIC RECORDING STUDIOS; PRO-
VIDING INFORMATION IN THE FIELD OF MUSIC,
INFORMATION IN THE FILED OF MUSIC AND
COMMENTARY AND ARTICLES ABOUT MUSIC

VIA A GLOBAL COMPUTER NETWORK, IN CLASS
41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-1-2006; IN COMMERCE 8-1-2006.

SN 78-272,367, FILED 7-9-2003.

ANDREA SAUNDERS, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,542,116
Registered Dec. 2, 2008

**SERVICE MARK**
**PRINCIPAL REGISTER**

# Roxy

QUIKSILVER, INC (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: FINANCIAL SPONSORSHIP OF EVENTS
AND EXHIBITIONS IN RELATION TO ENTER-
TAINMENT, NAMELY, CONCERTS AND CULTUR-
AL EVENTS, SPORTS, AND RECREATIONAL
ACTIVITIES, NAMELY, SPORT COMPETITIONS;
CHARITABLE FUND RAISING; ORGANIZING
CHARITABLE FUND RAISING EVENTS, IN CLASS
36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1996; IN COMMERCE 1-1-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,393,322, 1,844,186,
AND OTHERS.

SN 78-980,615, FILED 8-29-2005.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,616,390
Registered May 5, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# ROXY

QUIKSILVER, INC. (DELAWARE CORPORA-
TION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: COSMETICS, NAMELY, PERFUMES, BATH
GELS, SHOWER GELS, SKIN MOISTURIZER, BODY
LOTIONS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND
52).

FIRST USE 7-1-2007; IN COMMERCE 9-1-2007.

OWNER OF U.S. REG. NOS. 2,225,688, 2,255,435,
AND OTHERS.

SN 75-838,206, FILED 11-1-1999.

KIMBERLY PERRY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# Roxy

**Reg. No. 3,730,042**  QUIKSILVER AMERICAS, INC. (CALIFORNIA CORPORATION)
Registered Dec. 22, 2009  15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

**Int. Cls.: 9, 14, 21, 24, 25,** FOR: EYEWEAR, NAMELY, SUNGLASSES; SUNGLASSES AND GOGGLES FOR SPORTS;
**27, 28, 35, and 41** PROTECTIVE HELMETS FOR USE IN SPORTS; PRE-RECORDED DIGITAL VIDEO DISCS
FEATURING SURFING; COMPUTER CARRYING CASES; LIFE JACKETS; PROTECTION
AND SAFETY APPARATUS, NAMELY, INFLATABLE PERSONAL FLOTATION DEVICES,
**TRADEMARK** IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).
**SERVICE MARK**
**PRINCIPAL REGISTER** FIRST USE 1-4-1995; IN COMMERCE 1-4-1995.

FOR: CLOCKS; WATCHES; JEWELRY, BRACELETS COMPOSED OF MATERIAL OTHER
THAN PRECIOUS METAL, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 1-1-1996; IN COMMERCE 6-1-1997.

FOR: LUNCH BOXES AND SOAP HOLDERS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33,
40 AND 50).

FIRST USE 11-30-2003; IN COMMERCE 11-30-2003.

FOR: BED LINEN; TOWELS; HAND TOWELS; CURTAINS; BLANKETS, IN CLASS 24 (U.S.
CLS. 42 AND 50).

FIRST USE 6-30-1999; IN COMMERCE 6-30-1999.

FOR: FOOTWEAR, HEADWEAR, WETSUITS, SWIM WEAR, SINGLETS, T-SHIRTS, SHIRTS
AND CASUAL TOPS WITH LONG AND SHORT SLEEVES, SLEEVELESS SHIRTS, SWEAT
TOPS, JACKETS, COATS, SHORTS, BOARD SHORTS, LONG PANTS, JEANS, DRESSES,
SKIRTS, LEISURE WEAR IN THE NATURE OF LOUNGEWEAR, SKI WEAR AND SNOW-
BOARD WEAR, NAMELY, SKI PANTS, SKI JACKETS, SNOWBOARD PANTS AND
SNOWBOARD JACKETS, PAJAMAS, SOCKS, VESTS, BELTS, MITTENS, GLOVES,
SCARVES, BEANIES, HATS, VISORS, CAPS, BOOTS, SHOES, THONGED AND STRAPPED
SANDALS, ATHLETIC SHOES, BOOTS FOR SPORTS, SNOWBOARD BOOTS, SURFBOARD
BOOTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-1-1992; IN COMMERCE 1-1-1992.

FOR: RUGS , IN CLASS 27 (U.S. CLS. 19, 20, 37, 42 AND 50).

FIRST USE 3-31-2009; IN COMMERCE 3-31-2009.

*David J. Kappos*

Director of the United States Patent and Trademark Office

**Reg. No. 3,730,042**

FOR: SURFBOARDS; SNOWBOARDS; SNOW SKIS; SKI BINDINGS; COVERS AND PRO-
TECTIVE BAGS FOR SPORTING APPARATUS, NAMELY, BAGS FOR SNOWBOARDS, IN
CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 1-1-2005; IN COMMERCE 1-1-2005.

FOR: RETAIL, WHOLESALE AND ONLINE STORE AND ORDERING SERVICES FEATURING
CLOTHING, PERSONAL ACCESSORIES, SPORTING GOODS, HOUSEHOLD ITEMS, PER-
SONAL CARE PRODUCTS, PERSONAL CARE ACCESSORIES, CONSUMER ELECTRONICS,
BAGS AND LUGGAGE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-15-1996; IN COMMERCE 11-15-1996.

FOR: EDUCATIONAL SERVICES IN THE NATURE OF CONDUCTING CLASSES IN THE
FIELD OF SPORTS; ENTERTAINMENT IN THE NATURE OF CONCERTS, SPORTING
EVENTS AND COMPETITIONS; ORGANIZATION AND CONDUCTING OF SPORTS COM-
PETITIONS, NAMELY, EXTREME SPORTS SUCH AS SURFING; SPORT CAMP SERVICES;
PRESENTATION OF LIVE PERFORMANCES IN THE NATURE OF MUSICAL CONCERTS
, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-1995; IN COMMERCE 11-1-1995.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,393,322, 1,844,186, AND OTHERS.

SN 78-702,917, FILED 8-29-2005.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

# United States of America

### United States Patent and Trademark Office

# ROXY

**Reg. No. 3,880,411**

**Registered Nov. 23, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

QUIKSILVER AMERICAS, INC. (CALIFORNIA CORPORATION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: AUDIO AND VIDEO COMPONENTS IN THE NATURE OF DOCKING STATIONS FOR MP3 PLAYERS, NOT FOR AUTOMOBILE USE; SPEAKERS; EARPHONES; HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-6-2006; IN COMMERCE 10-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,225,688, 2,992,120, AND OTHERS.

SN 77-513,807, FILED 7-2-2008.

DAWN HAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

# ROXY

**Reg. No. 4,080,420**

**Registered Jan. 3, 2012**

**Int. Cls.: 21 and 24**

**TRADEMARK**

**PRINCIPAL REGISTER**

QUIKSILVER AMERICAS, INC. (CALIFORNIA CORPORATION)
15202 GRAHAM STREET
HUNTINGTON BEACH, CA 92649

FOR: TOOTHBRUSH HOLDERS; WASTE BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 2-1-2009; IN COMMERCE 2-1-2009.

FOR: QUILTS; COVERLETS, DUST RUFFLES; BATH TOWELS; THROWS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 2-1-2009; IN COMMERCE 2-1-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,851,891, 2,919,733, AND OTHERS.

SN 77-704,153, FILED 4-1-2009.

DOMINICK J. SALEMI, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT B

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

# Trademark/Service Mark Application, Principal Register

# TEAS Plus Application

### Serial Number: 77580631
### Filing Date: 09/28/2008

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| ***MARK** | \\TICRS\EXPORT3\IMAGEOUT3 \775\806\77580631\xml1\FT K0002.JPG |
| ***SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | Rox Volleyball |
| ***COLOR MARK** | NO |
| ***COLOR(S) CLAIMED** (If applicable) | |
| ***DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of the stylized words "Rox Volleyball". The letter "o" is in the form of a volleyball. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 560 x 321 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| ***OWNER OF MARK** | 1st Place Volleyball |
| ***STREET** | 225 Commercial Drive |
| ***CITY** | St. Augustine |

| | |
|---|---|
| **\*STATE**<br>**(Required for U.S. applicants)** | Florida |
| **\*COUNTRY** | United States |
| **\*ZIP/POSTAL CODE**<br>**(Required for U.S. applicants only)** | 32092 |
| **PHONE** | (904) 342-4048 |
| **FAX** | (904) 342-4049 |
| **EMAIL ADDRESS** | jessicas@1stplacevolleyball.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| **\*TYPE** | CORPORATION |
| **\* STATE/COUNTRY OF INCORPORATION** | Florida |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| **\*INTERNATIONAL CLASS** | 025 |
| **\*IDENTIFICATION** | Bathing suits; Jackets; Pants; Shorts; Socks; T-shirts; Tops |
| **\*FILING BASIS** | SECTION 1(b) |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **\*TRANSLATION**<br>**(if applicable)** | |
| **\*TRANSLITERATION**<br>**(if applicable)** | |
| **\*CLAIMED PRIOR REGISTRATION**<br>**(if applicable)** | |
| **\*CONSENT (NAME/LIKENESS)**<br>**(if applicable)** | |
| **\*CONCURRENT USE CLAIM**<br>**(if applicable)** | |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **\*NAME** | 1st Place Volleyball |
| **FIRM NAME** | 1st Place Volleyball |
| **\*STREET** | 225 Commercial Drive |
| **\*CITY** | St. Augustine |
| **\*STATE**<br>**(Required for U.S. applicants)** | Florida |
| **\*COUNTRY** | United States |

| | |
|---|---|
| **\*ZIP/POSTAL CODE** | 32092 |
| **PHONE** | (904) 342-4048 |
| **FAX** | (904) 342-4049 |
| **\*EMAIL ADDRESS** | jessicas@1stplacevolleyball.com |
| **\*AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 275 |
| **\*TOTAL FEE PAID** | 275 |
| **SIGNATURE INFORMATION** | |
| **\* SIGNATURE** | /Danielle Olson/ |
| **\* SIGNATORY'S NAME** | Danielle Olson |
| **\* SIGNATORY'S POSITION** | Authorized Signatory |
| **\* DATE SIGNED** | 09/26/2008 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77580631**
**Filing Date: 09/28/2008**

## To the Commissioner for Trademarks:

**MARK:** Rox Volleyball (stylized and/or with design, see mark)

The literal element of the mark consists of Rox Volleyball.
The mark consists of the stylized words "Rox Volleyball". The letter "o" is in the form of a volleyball.
The applicant, 1st Place Volleyball, a corporation of Florida, having an address of
> 225 Commercial Drive
> St. Augustine, Florida 32092
> United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
> International Class 025:  Bathing suits; Jackets; Pants; Shorts; Socks; T-shirts; Tops

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Correspondence Information: 1st Place Volleyball
> 225 Commercial Drive
> St. Augustine, Florida 32092
> (904) 342-4048(phone)
> (904) 342-4049(fax)
> jessicas@1stplacevolleyball.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is

properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Danielle Olson/   Date Signed: 09/26/2008
Signatory's Name: Danielle Olson
Signatory's Position: Authorized Signatory


RAM Sale Number: 5676
RAM Accounting Date: 09/29/2008

Serial Number: 77580631
Internet Transmission Date: Sun Sep 28 16:02:22 EDT 2008
TEAS Stamp: USPTO/FTK-204.94.57.36-20080928160222807
344-77580631-400831e8c8a6b57fa7ba36d443a
635d772-DA-5676-20080926145510870185



EXHIBIT C

PTO Form 1473 (rev. 9/2006)
OMB No. 0651-0009 (Exp. 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77768244**
**Filing Date: 06/25/2009**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77768244 |
| **MARK INFORMATION** | |
| *MARK | roxvolleyball |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | roxvolleyball |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Rox Volleyball, Inc. |
| *STREET | 225 Commercial Drive |
| *CITY | Saint Augustine |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 32092 |
| PHONE | 904-342-4048 |
| FAX | 904-342-4049 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | Florida |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |

| INTERNATIONAL CLASS | 025 |
|---|---|
| *IDENTIFICATION | Volleyball uniforms and volleyball practice wear, including jerseys, tanks, t-shirts, shorts, warmup jackets, warmup pants, sweatshirts, hoodies, socks |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 10/01/2008 |
| FIRST USE IN COMMERCE DATE | At least as early as 10/01/2008 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT7\IMAGEOUT7 \777\682\77768244\xml1\AP P0003.JPG |
| SPECIMEN DESCRIPTION | sweatshirt |

## ADDITIONAL STATEMENTS SECTION

| DISCLAIMER | No claim is made to the exclusive right to use "volleyball" apart from the mark as shown. |
|---|---|

## ATTORNEY INFORMATION

| NAME | Leslie Wickes |
|---|---|
| FIRM NAME | Volpe, Bajalia, Wickes, Rogerson & Wachs |
| STREET | 501 Riverside Avenue, 7th Floor |
| CITY | Jacksonville |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 32202 |
| PHONE | 904-355-1700 |
| FAX | 904-355-1797 |
| EMAIL ADDRESS | lwickes@vbwr.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| NAME | Leslie Wickes |
|---|---|
| FIRM NAME | Volpe, Bajalia, Wickes, Rogerson & Wachs |
| STREET | 501 Riverside Avenue, 7th Floor |
| CITY | Jacksonville |
| STATE | Florida |

| COUNTRY | United States |
|---|---|
| ZIP/POSTAL CODE | 32202 |
| PHONE | 904-355-1700 |
| FAX | 904-355-1797 |
| EMAIL ADDRESS | lwickes@vbwr.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 325 |
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /leslie a. wickes/jd/ |
| SIGNATORY'S NAME | Leslie A. Wickes |
| SIGNATORY'S POSITION | Attorney of Record, Florida Bar Member |
| DATE SIGNED | 06/25/2009 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77768244**
**Filing Date: 06/25/2009**

## To the Commissioner for Trademarks:

**MARK:** roxvolleyball (Standard Characters, see mark)
The literal element of the mark consists of roxvolleyball.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Rox Volleyball, Inc., a corporation of Florida, having an address of
    225 Commercial Drive
    Saint Augustine, Florida 32092
    United States
requests registration of the trademark/service mark identified above in the United States Patent and
Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051
et seq.), as amended, for the following:

    International Class 025:  Volleyball uniforms and volleyball practice wear, including jerseys, tanks, t-
shirts, shorts, warmup jackets, warmup pants, sweatshirts, hoodies, socks

In International Class 025, the mark was first used at least as early as 10/01/2008, and first used in
commerce at least as early as 10/01/2008, and is now in use in such commerce. The applicant is
submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in
the class of listed goods and/or services, consisting of a(n) sweatshirt.
Specimen File1

No claim is made to the exclusive right to use "volleyball" apart from the mark as shown.

The applicant's current Attorney Information:
Leslie Wickes of Volpe, Bajalia, Wickes, Rogerson & Wachs
    501 Riverside Avenue, 7th Floor
    Jacksonville, Florida 32202
    United States

The applicant's current Correspondence Information:
    Leslie Wickes
    Volpe, Bajalia, Wickes, Rogerson & Wachs
    501 Riverside Avenue, 7th Floor
    Jacksonville, Florida 32202
    904-355-1700(phone)

904-355-1797(fax)

lwickes@vbwr.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /leslie a. wickes/jd/   Date Signed: 06/25/2009
Signatory's Name: Leslie A. Wickes
Signatory's Position: Attorney of Record, Florida Bar Member


RAM Sale Number: 775
RAM Accounting Date: 06/26/2009

Serial Number: 77768244
Internet Transmission Date: Thu Jun 25 14:40:56 EDT 2009
TEAS Stamp: USPTO/BAS-207.201.212.42-200906251440569
71931-77768244-400dd6435ee25ecda7cc721be
969ea838c-CC-775-20090625141816072879

roxvolleyball



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### SACV13- 512 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

MICHAEL G. YODER (CA BAR # 83059)
MOLLY J. MAGNUSON (CA BAR # 229444)
JEAN-PAUL P. CART (CA BAR #267516)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17ᵗʰ Floor
Newport Beach, CA  92660-6429
Telephone:  (949) 760-9600
Facsimile  (949) 823-6994

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QS WHOLESALE. INC., a California corporation;<br>QUIKSILVER, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ROX VOLLEYBALL. INC., a Florida corporation,<br>1ˢᵀ PLACE TEAM SALES, INC., a Florida<br>corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 00512 AG (JPRx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): ROX VOLLEYBALL, INC., a Florida corporation, 1ˢᵀ PLACE TEAM SALES, INC., a Florida corporation,

       A lawsuit has been filed against you.

       Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael G. Yoder</u>, whose address is <u>610 Newport Center Drive, 17ᵗʰ Floor, Newport Beach, CA  92660-6429</u>    If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

       Clerk, U.S. District Court

Dated: 3/29/2013          By: **DENISE VO** _____

                               Deputy Clerk

                               *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUMMONS

American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
QS WHOLESALE, INC., a California corporation;
QUIKSILVER, INC., a Delaware corporation,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ROX VOLLEYBALL, INC., a Florida corporation; 1ST PLACE
TEAM SALES, INC., a Florida corporation,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael G. Yoder (CA Bar #83059); Molly J. Magnuson (CA Bar #229444); Jean-Paul P. Cart (CA Bar #267516)
O'MELVENY & MYERS LLP.
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
(949) 760-9600

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal trademark infringement, false designation of origin and dilution (15 U.S.C. § 1114,1125); statutory unfair competition and California dilution (Cal. Bus. & Prof. Code § 17200, et seq.); common law infringement and unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc Security Act | |

**FOR OFFICE USE ONLY: Case Number:**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida as to both Defendants |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_ DATE: March 29, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com