1
2
3
4
5

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QS WHOLESALE, INC., a California Corporation; QUICKSILVER, INC., a Delaware Corporation,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ROX VOLLEYBALL, INC., a Florida Corporation; 1ST PLACE TEAM SALES, INC., a Florida Corporation,<br><br>  Defendants. | Case No. SACV13-00512-AG (JPRx)<br><br>**JUDGMENT** |

    Trial in this action began on January 13, 2015, in Courtroom 10D of the above-mentioned Court, before the Honorable Andrew J. Guilford.

    On January 23, 2015, the Court instructed the Jury on the claims by Plaintiffs Quicksilver, Inc. and QS Wholesale, Inc. ("Plaintiffs").

On January 23, 2015, the jury returned a special verdict with the following findings:

1. Was there federal trademark infringement by the defendants, Rox Volleyball and 1st Place Team Sales, on one of the claims brought by plaintiffs?

    YES __X__        NO ____

****

2. Did defendants intentionally infringe?

    YES __X__        NO ____

3. Did defendants engage in federal trademark dilution?

    YES __X__        NO ____

****

4. Did defendants willfully cause a likelihood of dilution of the ROXY® trademark?

    YES __X__        NO ____

****

5. What amount of actual damages, if any, do you find that plaintiffs suffered as a result of wrongful conduct of defendants?

    **$42,376**

Judgment
Case No. SACV13-00512-AJG (JPRx)

6. What amount of profits, if any, earned by defendants are attributable to wrongful conduct that are not taken into account by your answer to Question 5?

**$161,775**

7. Did plaintiffs know, or should plaintiffs have known, of Rox Volleyball's allegedly infringing use by March 29, 2009?

YES ___          NO _X_

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. Judgment is entered in Plaintiffs' favor and against Defendants for $204,151.

2. After receiving actual notice of the injunction by personal service or otherwise, Defendants, and their affiliates, directors, officers, employees and agents, who are in active concert with Defendants, are PERMANENTLY ENJOINED from:

   a. Selling, distributing for sale, producing, manufacturing, licensing, or using apparel bearing "rox," or marketing such apparel with "rox," except where both Defendants' design logo and the word "volleyball" are used in at least equal size font to "rox." For example:

   " ℞ roxvolleyball" or " ℞ Rox Volleyball"

   b. But Defendants are permitted to use

   ℞ Rox

   without the word "volleyball" in one limited instance. Defendants can use their design logo coupled with the word "rox" on team volleyball apparel where (A) governing rules limit the size of any logo or brand on such apparel and (B) including "volleyball" in equal size font to "rox" is impossible.

   c. Defendants are permitted, for a period of six months after this Order is issued, to sell and distribute their existing inventory of infringing products. During the one year period, Defendants may only sell and distribute the infringing products through their current channels of distribution.

   d. Within 60 days of the issuance of this Order, Defendants are further ORDERED to file with the Court and serve on Plaintiffs a writing under oath setting forth with specifics how they are complying with the injunction. At the end of the six month phase out period, Defendants must destroy any remaining infringing products and file with the Court a writing under oath (1) specifying the product styles and quantities of each product style destroyed and (2) declaring that no infringing products remain in Defendants' inventory.

IT IS SO ORDERED

Dated: July 23, 2015

_____
Hon. Andrew J. Guilford
United States District Judge